# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | ) ) | |
| Plaintiff, | ) | C.A. No. 2:15-cv-01876-RWS-RSP |
| v. | ) ) | |
| FORD MOTOR COMPANY, | ) | |
| Defendant. | ) | |

### FORD MOTOR COMPANY'S MOTION TO DISMISS
### PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 35 U.S.C § 101

## Table of Contents

                                                    Page

I. INTRODUCTION .................................................................................................... 1

II. BACKGROUND ...................................................................................................... 1

III. ARGUMENT ............................................................................................................ 2

    A. The '090 Patent Claims an Abstract Idea ..................................................... 5

        1. "Customizing a product according to a user's preferences" is an abstract idea. ................................................................................... 5

        2. Claim 1 preempts practically any use of the Internet to customize a product. ...................................................................................... 6

    B. The '090 Patent Lacks an Inventive Concept ............................................... 7

        1. Storing, receiving, retrieving, and transmitting a user's preferences using conventional technology is not inventive. ................................ 7

        2. Claim 1 does not disclose an improvement to computer technology. .................................................................................... 9

    C. Claim Construction is Unnecessary ............................................................ 10

IV. CONCLUSION ....................................................................................................... 11

## Table of Authorities

**CASES**   **Page(s)**

*Accenture Global Services, GmbH v. Guidewire Software, Inc.*
   728 F.3d 1336 (Fed. Cir. 2013)......................................................................................8

*Alice Corp. Pty. v. CLS Bank International*
   134 S. Ct. 2347 (2014) ........................................................................................... passim

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*
   788 F.3d 1371 (Fed. Cir. 2015)......................................................................................6

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*
   133 S. Ct. 2107 (2013)...................................................................................................3

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Can. (U.S.)*
   687 F.3d 1266 (Fed. Cir. 2012).................................................................................6, 10

*Bilski v. Kappos*
   561 U.S. 593 (2010).......................................................................................................6

*buySAFE Inc. v. Google, Inc.*
   964 F.Supp.2d 331 (D. Del. 2013).................................................................................4

*Clear With Computers, LLC v. Altec Indus., Inc.*
   2015 WL 993392 (E.D. Tex. Mar. 3, 2015), *aff'd*, Nos. 2015-1525, -1526, -1527, -1528 (Fed. Cir. Feb. 9, 2016)........................................................................................8

*CLS Bank Int'l v. Alice Corp.*
   717 F.3d 1269 (Fed. Cir. 2013) (Lourie, J., plurality) ..................................................5

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*
   776 F.3d 1343 (Fed. Cir. 2014)....................................................................................11

*Cyberfone Sys., LLC v. CNN Interactive Group, Inc.*
   No. 2012-1673, 558 F. App'x 988 (Fed. Cir. Feb. 26, 2014) ..................................8, 10

*CyberSource Corp. v. Retail Decisions, Inc.*
   654 F.3d 1366 (Fed. Cir. 2011)......................................................................................5

*Dealertrack, Inc. v. Huber*
   674 F.3d 1315 (Fed. Cir. 2012)......................................................................................5

*DietGoal Innovations LLC v. Bravo Media LLC*
   33 F. Supp. 3d 271 (S.D.N.Y. 2014)............................................................................11

*eDekka LLC v. 3Balls.com, Inc.* 2015 WL 5579840 (E.D. Tex. Sept. 21, 2015) .....................8, 10

## Table of Authorities
## (Continued)

Page(s)

*Funk Bros. Seed Co. v. Kalo Inoculant Co.*
  333 U.S. 127 (1948)..................................................................................................3

*Gottschalk v. Benson*
  409 U.S. 63 (1972)..................................................................................................4, 9

*In re Bilski*
  545 F.3d 943 (Fed. Cir. 2008)......................................................................................3

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*
  132 S. Ct. 1289 (2012).....................................................................................3, 4, 7, 9

*OIP Techs., Inc. v. Amazon.com, Inc.*
  788 F.3d 1359 (Fed. Cir. 2015)....................................................................................5

*Parker v. Flook*
  437 U.S. 584 (1978)..................................................................................................4, 5

*Planet Bingo v. VKGS, LLC*
  576 Fed. Appx. 1005 (Fed. Cir. 2014)..........................................................................8

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Svcs., Inc.*
  No. 2:15-cv-01431 ......................................................................................................2

*Ultramercial, Inc. v. Hulu, LLC*
  772 F.3d 709 (Fed. Cir. 2014) (Mayer, J., concurring)........................................3, 4, 10

*Ultramercial, LLC v. Hulu, LLC*
  No. CV 09-06918, 2010 WL 3360098 (C.D. Cal. Aug. 13, 2010).............................10

**STATUTES**

35 U.S.C. § 101...............................................................................................1, 2, 10, 11

35 U.S.C. §§ 101, 102, 103, 112..............................................................................................1

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 11 ........................................................................................2

Federal Rule of Civil Procedure 12 ..................................................................................1, 11

I.      **INTRODUCTION**

Defendant Ford Motor Company ("Ford" or "Defendant") moves to dismiss Rothschild Connected Devices Innovations, LLC's ("Rothschild" or "Plaintiff") Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and 35 U.S.C. § 101.  This motion substantially mirrors the same motion to dismiss and for judgment on the pleadings pursuant to 35 U.S.C. § 101 filed by the defendants in the cases consolidated under *Rothschild Connected Devices Innovations, LLC v. American Honda Motor Co., Inc., et al.*, C.A. No. 2:15-cv-1877-JRG-RSP (the "*Honda* case"), Dkt. No. 58.  In the event the § 101 motion is granted in the *Honda* case, Defendant believes it may be unnecessary for the Court to resolve the instant motion in this case.  Plaintiff is expected to only assert claim 1 of U.S. Patent No. 8,788,090 B2 ("the '090 patent") against Defendant, because Plaintiff has only asserted claim 1 against the other automotive company defendants in C.A. No. 2:15-cv-1877 and the remaining claims of the '090 patent require beverage dispensers and formulations including a predetermined amount of an element.  Claim 1—directed to the abstract idea of product customization—embodies neither a new idea nor one that should be monopolized.  Because claim 1 is abstract and lacks any inventive concept, it fails to meet the threshold patent eligibility requirements under Section 101 of the Patent Act.[1]

II.     **BACKGROUND**

According to the '090 patent, "a need exists for techniques to allow consumers to personalize products for their specific needs."  To fulfill this purported need, the '090 patent claims "[a] system and method for creating a personalized consumer product" that:

> …enables a user, **e.g., a consumer**, to customize products containing solids

---

[1] Although Defendant contends that all claims of the '090 patent are invalid under 35 U.S.C. § 101, this motion addresses only claim 1.

1

and/or fluids by allowing a server communicating over the global computer network, **e.g., the Internet**, to provide product preferences of a user to a product or a mixing device, **e.g., a product or beverage dispenser**.

'090 Patent, Abstract (emphasis added). Although a preferred embodiment of the '090 patent is a beverage dispenser, the beverage dispenser limitation appears only in claim 13 and its dependents. '090 Patent, 6:27-31, 10:9-45. Claim 1, granted after a series of continuation applications,[2] is far more abstract:

> 1. A system for customizing a product according to a user's preferences comprising: a remote server including a database configured to store a product preference of a predetermined product for at least one user; and
>
> a first communication module within the product and in communication with the remote server;
>
> wherein the remote server is configured to receive the identity of the predetermined product and the identity of the at least one user, retrieve the product preference from the database based on the identity of the predetermined product and the identity of the least one user and transmit the product preference to the first communication module.

'090 Patent, 8:66-9:11. Rothschild has asserted the '090 patent against at least forty-nine (49) other defendants, accusing products that range from baby monitors to automobiles.[3] In a related case, defendant ADS Security, L.P. ("ADS") filed a motion for judgment on the pleadings based on invalidity under 35 U.S.C. § 101—that motion is fully briefed, though Plaintiff has filed an opposed motion to dismiss that case with prejudice. *See Rothschild Connected Devices Innovations, LLC v. Guardian Protection Svcs., Inc., L.P.*, No. 2:15-cv-01431, Dkt Nos. 23, 58, & 59.

---

[2] The '090 patent application is a continuation of U.S. patent application Ser. No. 12/854,451, filed Aug. 11, 2010, which is a continuation of U.S. patent application Ser. No. 11/471,323, filed Jun. 20, 2006, now U.S. Pat. No. 7,899,713.

[3] *See, e.g.*, Case No. 2:15-cv-01124 (suit against Defendant D-Link Systems, Inc. accusing baby monitors, sensors, smart plugs, Wi-Fi hubs, Wi-Fi sirens, and similar systems); Case No. 2:15-cv-1882 (suit against Volvo Cars of North America, LLC, accusing "Volvo On Call," a service that offers features like roadside assistance and engine remote start).

### III.    ARGUMENT

35 U.S.C. § 101 defines patent-eligible subject-matter broadly as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof," but there are three primary exceptions: laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank International*, 134 S. Ct. 2347 (2014) ("*Alice*") (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)). These three excepted categories are "fundamental principles [that] are part of the storehouse of knowledge of all men . . . free to all men and reserved exclusively to none." *In re Bilski,* 545 F.3d 943, 952 (Fed. Cir. 2008) (quoting *Funk Bros. Seed Co. v. Kalo Inoculant Co.*, 333 U.S. 127, 130 (1948)) (internal quotations omitted). They "are the basic tools of scientific and technological work." *Alice*, 134 S. Ct. at 2354 (quoting *Myriad*, 133 S. Ct. at 2116) (internal quotations omitted). "[M]onopolization of those tools through the grant of a patent might tend to impede innovation more than it would tend to promote it, thereby thwarting the primary object of the patent laws." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012)) (internal quotations omitted).

In *Alice*, the Supreme Court established a two-step test for determining whether a claim is directed to patent-eligible subject matter: (1) determine whether the claim is directed to a law of nature, natural phenomena, or an abstract idea; and (2) if so, determine whether the claim possesses "an element or combination of elements that is 'sufficient to ensure that the [claim] in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 134 S. Ct. at 2355 (quoting *Mayo*, 132 S. Ct. at 1294) (some brackets in original).

To determine whether a claim is directed to an "abstract idea," the Court must examine the claim to determine whether it recites "an idea, having no particular concrete or tangible

3

form." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014); *see also Alice*, 134 S. Ct. at 2355 ("The 'abstract ideas' category embodies the longstanding rule that [a]n idea of itself is not patentable.") (internal citations and quotations omitted). Patent-ineligible abstract ideas include mathematical equations and algorithms, "fundamental economic practices," and conventional business practices. *See, e.g., Gottschalk v. Benson*, 409 U.S. 63, 69 (1972) (converting binary-coded decimal numerals into pure binary numerals); *Parker v. Flook*, 437 U.S. 584, 594 (1978) (adjusting alarm limits in catalytic conversion); *Alice,* 134 S. Ct. at 2356 (risk hedging); *Ultramercial,* 772 F.3d at 715 (advertising as exchange or currency); *buySAFE Inc. v. Google, Inc.,* 964 F.Supp.2d 331, 334 (D. Del. 2013) (underwriting commercial transactions).

If the claim is directed to an abstract idea, then in the second step the Court must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether [the claim possesses] additional elements [which] 'transform the nature of the claim' into a patent-eligible application," *i.e.,* elements which ensure that the claim amounts to significantly more than the ineligible concept itself. *Alice,* 134 S. Ct. at 2355 (quoting *Mayo,* 132 S. Ct., at 1297, 1298) (referring to step two as a search for an "inventive concept"). To transform the nature of the claim, the claim must include "'additional features' to ensure that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]." *Id.* at 2357 (quoting *Mayo,* 132 S. Ct. at 1297) (internal quotations omitted) (brackets in original). An inventive concept is not present where the claim merely directs a person to "apply" an abstract idea, "append[s] conventional steps, specified at a high level of generality," or recites a "generic computer." *Id.* at 2357-58 (quoting *Mayo*, 132 S. Ct. at 1294, 1297, 1300, 1301).

### A. The '090 Patent Claims an Abstract Idea

The alleged invention of claim 1 of the '090 patent amounts to an attempted monopoly on almost any system of product customization using the Internet. The basic concept of product customization is precisely the sort of abstract idea that should be excluded from patentability, even when it is "clothed in computer language." *See CLS Bank Int'l v. Alice Corp.*, 717 F.3d 1269, 1292 (Fed. Cir. 2013) (Lourie, J., plurality).

#### 1. "Customizing a product according to a user's preferences" is an abstract idea.

The system of claim 1 covers an abstract idea: "customizing a product according to a user's preferences." '090 pat. 8:66-67. When your favorite barista remembers your daily coffee order, she is customizing your beverage according to your preferences. When a new barista takes your order, writing it in permanent marker on a cardboard cup, he is customizing your beverage according to your preferences. This everyday human interaction and commercial activity is not patentable. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1371 (Fed. Cir. 2011) (a task that can be performed with the human mind and a pencil and paper is by definition abstract and patent-ineligible); *see also, Alice*, 134 S. Ct. at 2356 (a "fundamental economic practice" is abstract and patent-ineligible).

That the abstract idea of claim 1 is computer-implemented does not change its character. As an example, ordering your coffee on a smart phone application that recalls your preferred beverage does not make the underlying activity—customizing a product for a user—any less abstract. This is true even though a computer may "perform routine tasks more quickly or more accurately," *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015), and even when an invention is "primarily useful" for computer applications, *Flook*, 437 U.S. at 586. *See also, Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012) (holding that even

though a computer "can be programmed to perform very different tasks in very different ways," it does not render a claim eligible if "it does not play a significant part in permitting the claimed method to be performed.") (internal citations and quotations omitted).

Nor is claim 1 any less abstract simply because it is a system claim. *See Alice*, 134 S. Ct. at 2360 (invalidating both system and method claims when "the system claims recite[d] a handful of generic computer components configured to implement the same [abstract] idea [of the method claims]"); see also, *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Can. (U.S.)*, 687 F.3d 1266, 1277 (Fed. Cir. 2012) ("[A] machine, system, medium, or the like may in some cases be equivalent to an abstract mental process for purposes of patent ineligibility.").

### 2. Claim 1 preempts practically any use of the Internet to customize a product.

The concern that drives excluding abstract ideas from patentability is "one of pre-emption." *See Alice* at 2354 (citing *Bilski v. Kappos*, 561 U.S. 593, 611-612 (2010)). Although not dispositive, "preemption may signal patent ineligible subject matter." *See Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015). When a patent "would pre-empt use of [its] approach in all fields, and would effectively grant a monopoly over an abstract idea," it should be held invalid. *See Bilski*, 561 U.S. at 611-12.

Claim 1 raises grave preemption concerns. The '090 patent specification discloses customization of shampoos and sodas, but according to Plaintiff, claim 1 is not limited to those products. *See* Pl.'s Opp. to ADS Fee Mot., No. 2:15-cv-01431, ECF No. 60 at 2-3 ("There is nothing…unreasonable about Plaintiff's position that 'product' should be given its plain and ordinary meaning, which would encompass non-consumable products as well as consumable products."). Plaintiff's assertion of claim 1 against a vast array of industries bears out its purported breadth. *See, e.g.*, note 1 and corresponding text, *supra*. The dizzying scope of

6

activities allegedly covered by claim 1—nearly any product customization accomplished via the Internet—counsels strongly against its patentability.[4]

B.     The '090 Patent Lacks an Inventive Concept

If a patent claim covers an abstract idea, the Court then considers whether the additional elements of the claim, considered both individually and as an ordered combination, transform the nature of the claim into a patent-eligible application. *Alice,* 134 S. Ct. at 2355. Transformation requires more than simply stating the abstract idea "while adding the words 'apply it.'" *Id.* at 2357. Transformation requires a meaningful limitation of the claim that confines it to a particular, useful application of the abstract idea. *See Alice*, 134 S. Ct. at 2360; *Mayo*, 132 S. Ct. at 1300.  Claim 1 lacks any inventive concept.

1. **Storing, receiving, retrieving, and transmitting a user's preferences using conventional technology is not inventive.**

The additional limitations of claim 1, considered both individually and as an ordered combination, fail to confine the abstract idea of product customization to a patentable application. Claim 1 merely recites "well-understood," "routine," or "conventional" activities, technology, or features that were "previously known to the industry."  *See Alice*, 134 S. Ct. at 2359 (quoting *Mayo*, 132 S. Ct. at 1294).

Claim 1's "system for customizing a product" is implemented via conventional hardware components:

- A "remote server"
- A "database"
- A "communication module"

---

[4] Although Rothschild has asserted claim 1 against a broad swath of WiFi-enabled and cellular-based products that utilize the Internet, claim 1 is not limited to an "Internet" implementation. *See* '090 patent at 2:42-44 (listing examples of "a communication module" as "a WiFi™ access point, Bluetooth™ module, infrared port, RFID reader").

'090 Patent, 8:66-9:11. The remote server is configured to perform routine steps:

- "**store** a product preference of a predetermined product for at least one user"
- "**receive** the identity of the predetermined product and the identity of the at least one user"
- "**retrieve** the product preference from the database based on the identity of the predetermined product and the identity of the at least one user"; and
- "**transmit** the product preference to the first communication module"

*Id.* (emphasis added).

The generic computer components described in claim 1 are widely known and widely used, and as such, cannot supply the inventive concept. The additional limitations of "stor[ing]," "receiv[ing]," "retriev[ing]," and "transmit[ting]" are merely functions of a general purpose computer and also do not contain an inventive concept. Generic computer-implemented claims like this one have repeatedly been held invalid. *See, e.g., eDekka LLC v. 3Balls.com, Inc.*, 2015 WL 5579840, at *4 (E.D. Tex. Sept. 21, 2015) (Gilstrap, J.) ("While the generic requirement of a 'data structure' is included, claim 1 essentially describes the common process of receiving, labeling, and storing information...."); *Clear With Computers, LLC v. Altec Indus., Inc.*, 2015 WL 993392, at *2-4 (E.D. Tex. Mar. 3, 2015) (receiving, storing, and "automatically compiling" customer information not patentable), *aff'd*, Nos. 2015-1525, -1526, -1527, -1528 (Fed. Cir. Feb. 9, 2016); *Planet Bingo v. VKGS, LLC*, 576 Fed. Appx. 1005, 1007 (Fed. Cir. 2014) (storing numbers, printing receipts, and displaying numbers using a computer with "a memory" and a "video screen" not patentable); *CyberFone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 Fed. Appx. 988, 993 (Fed. Cir. 2014) (mere storing or transmission of information not patentable); *Accenture Global Services, GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) (software requiring an "event processor," a "task engine," a "task assistant" and a "client component" not patentable).

The claim terms "product preference" and "predetermined product" also do not add any inventive concept to claim 1. The claim does not specify a particular way of selecting a product or determining a user's preferences. Indeed, the '090 patent contemplates that, at least in one embodiment, selection of products and preferences will be performed entirely by the consumer. '090 pat. 2:30-41 ("[A] consumer purchases a product…The user goes to the web site for the product that the user has purchased…At the product web site, the user fills in information on their consumer product preferences….").

In sum, looking to the whole of claim 1 and considering all of its limitations, no inventive concept is present. Claim 1 is nothing more than a generic computer implementation of an abstract idea. It is black-letter law that such claims are not patentable. "[S]imply implementing [an abstract idea] on a physical machine, namely a computer, [i]s not a patentable application of that [idea]." *Mayo*, 132 S. Ct. at 1301 (summarizing the holding of *Gottschalk v. Benson*).

### 2. Claim 1 does not disclose an improvement to computer technology.

Employing well-known computer technology to customize a product according to a user's preferences does nothing to improve computer technology itself. As explained above, claim 1 does not cover, and the '090 patent does not teach, the use of anything but preexisting, conventional computer components. *See, e.g.*, '090 patent at 3:12-14 ("It is to be understood that the present disclosure may be implemented in various forms of hardware, software, firmware, special purpose processors, or a combination thereof."). No specific implementation is mandated and only preexisting technology is described. For example:

- "a communication module" could be "a WiFi™ access point, Bluetooth™ module, infrared port, [or] RFID reader"
- "The remote computer [of Figure 1] may be a personal computer, a server, a router, a network PC, a peer device or other common network node…"
- "[T]he network [of Figure 1] may be a local area network (LAN), wide area network (WAN), the Internet or any known network that couples a plurality of

> computers to enable various modes of communication via network messages"
> - "The terminal and server [of Figure 1] will communicate using any conventional architecture"
> - "The terminal may communicate to the server and network via any known communication link, for example, dial-up, hardwired, cable, DSL, satellite, cellular, PCS, wireless transmission (e.g., 802.11a/b/g, etc.), etc."

'090 Patent, at 2:42-44; 3:54-67 (references to Figure labels omitted).

Like the patent claims at issue in *Alice*, claim 1 of the '090 patent does not "purport to improve the functioning of the computer itself," does not "effect an improvement in any other technology or technical field," and contains "'nothing significantly more' than an instruction to apply the abstract idea [of customizing a product] using some unspecified, generic computer." *Alice*, 134 S. Ct. at 2359-60.

### C. Claim Construction is Unnecessary to Resolve this Motion

Claim construction is not a pre-requisite to a § 101 determination. *See, e.g., Cyberfone Sys., LLC v. CNN Interactive Group, Inc.,* No. 2012-1673, 558 F. App'x 988, 991 n.1 (Fed. Cir. Feb. 26, 2014) (non-precedential) ("There is no requirement that the district court engage in claim construction before deciding § 101 eligibility."); *Bancorp Services, L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012) ("[W]e perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101."); *eDekka,* 2015 WL 5579840, at *2 ("the relevant facts of this case demonstrate that claim construction is unnecessary").

No claim construction is necessary here because Plaintiff cannot advance any "reasonable construction" that would bring claim 1 within the realm of patentable subject matter. *See Ultramercial*, 772 F.3d at 719 (Mayer, J., concurring) (citing *Ultramercial, LLC v. Hulu, LLC*, No. CV 09-06918, 2010 WL 3360098, at *6 (C.D. Cal. Aug. 13, 2010)) (declining to require claim construction prior to dismissal under §101 where the claims practiced an abstract idea

through routine steps); *DietGoal Innovations LLC v. Bravo Media LLC*, 33 F. Supp. 3d 271, 289 (S.D.N.Y. 2014) (declining to construe claims when claim terms were "sufficiently straightforward" and patent would be invalid under any reasonable construction); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (approving District Court's determination at Rule 12(b)(6) stage that, "even when construed in a manner most favorable to [patent owner], none of [patent owner's] claims amount to 'significantly more' than [an] abstract idea"). In the joint letter brief recently submitted by Plaintiff and the defendants in the *Honda* case pursuant to Judge Gilstrap's Standing Order Regarding Motions Under 35 U.S.C. § 101, Plaintiff has failed to proffer any claim constructions or offer any explanation of how any such constructions would materially impact the § 101 determination. *See Rothschild Connected Devices Innovations, LLC v. American Honda Motor Co., Inc., et al.*, C.A. No. 2:15-cv-1877-JRG-RSP, Dkt. No. 65-1.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court find claim 1 of the '090 patent invalid under 35 U.S.C. § 101 and dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated:  March 10, 2016

Respectfully submitted,

*/s/ Jason R. Mudd*

Clyde Moody Siebman
SIEBMAN BURG PHILLIPS & SMITH LLP
300 N Travis St
Sherman, TX 75090
(903) 870-0070
clydesiebman@siebman.com

Eric A. Buresh
Jason R. Mudd
Albert F. Harris III
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, KS 66211
(913) 777-5600
Fax: (913) 777-5601
jason.mudd@eriseip.com
eric.buresh@eriseip.com
al.harris@eriseip.com

*Attorneys for Defendant
Ford Motor Company*

**CERTIFICATE OF SERVICE**

    I certify that the foregoing document was filed electronically on March 10, 2016, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Jason R. Mudd*
Jason R. Mudd
